UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
TAIWANDA HARTFIELD
in her capacity as parent and guardian of
N.E. on behalf of themselves and
all other similarly situated consumers

                            Plaintiffs,


            -against-


TRANS-CONTINENTAL CREDIT & COLLECTION CORP.,
MARK L. NICHTER, ESQ., P.C. AND MARK L. NICHTER

                      Defendants.


-----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1.  Plaintiffs Taiwanda Hartfield in her capacity as parent and guardian of N.E. seek redress

    for the illegal practices of Trans-Continental Credit & Collection Corp., Mark L.

    Nichter, Esq., P.C. and Mark L. Nichter concerning the collection of debts, in violation

    of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2.  Plaintiffs are citizens of the State of New York who reside within this District.

3.  Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in

    that the alleged debt that Defendants sought to collect from Plaintiffs is a consumer debt.

4.  Upon information and belief, Defendants' principal place of business is located in White

    Plains, New York.

5.  Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by

    consumers.

6.    Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Taiwanda Hartfield and N.E.

9.    Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiffs, purportedly owed to Brooklyn Hospital Ctr for $109.63.

10.   At a time unknown to the Plaintiffs herein, the aforementioned debt was referred to Defendant Trans-Continental for collection.

11.   At a time unknown to the Plaintiffs herein, the aforementioned debt was referred to Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter for collection.

12.   On or about January 21, 2015, Defendant Trans-Continental sent the Plaintiffs a collection letter seeking to collect a balance allegedly incurred for personal purposes.

13.   Said letter stated in pertinent part as follows:

**"LET'S FACE FACTS**
**GOOD CREDIT IS IMPORTANT TO YOU**
**STORES, BANKS, CREDIT CARD COMPANIES USUALLY DRAW CREDIT REPORTS WHEN AUTHORIZING CREDIT. UNLESS THIS BILL IS CLEARED BY RETURN MAIL, WE WILL BE OBLIGATED TO RECOMMEND TO OUR CLIENT THAT IT REPORT THIS DEBT TO THE VARIOUS CREDIT BUREAUS FOR GENERAL DISTRIBUTION AND AVAILABILITY. THIS CAN HURT YOUR ABILITY TO OBTAIN CREDIT FOR YEARS."**

14.     Defendant Trans-Continental's statement that it would recommend to its client "that it report this debt to the various credit bureaus" was a tactic to scare Plaintiffs and the least sophisticated consumer into paying the debt.

15.     Trans-Continental's said statement was therefore a threat to take an action not intended to be taken by the Defendant, in violation of the FDCPA, § 1692e(5).

16.     Trans-Continental's said statement in the January 21, 2015 letter also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt and for stating false credit information, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8) and 1692e(10).

17.     On or about February 17, 2015, Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter sent the Plaintiffs a collection letter seeking to collect the same balance allegedly incurred for personal purposes.

18.     Said letter stated in pertinent part as follows:

> "If we do not receive your payment or any other communication from you within thirty (30) days from receipt of this letter, we will assume this debt is valid and will proceed with further collection activity to collect the outstanding amount due. Any subsequent collection activity may be taken without further notice to you."

19.     Upon information and belief, Defendants never had any intention to bring suit against the Plaintiffs.

20.     Upon information and belief, Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter do not routinely file suits on behalf of Trans-Continental or creditors concerning consumer collection on a regular basis.

21.     In addition, Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter do not commonly file suits at or about the amount of the Plaintiffs' debt which is alleged to be

$109.63.

22.   Upon information and belief, Mark L. Nichter, Esq., P.C. and Mark L. Nichter have filed some suits for amount in the range of the debt at issue, but only for the purpose of attempting to avoid liability for FDCPA claims of false threats of suit.

23.   Upon information and belief, discovery will indicate that Mark L. Nichter, Esq., P.C. and Mark L. Nichter have filed only a very small percentage of suits compared to the amount of accounts upon which Nichter and Trans-Continental attempt to collect.

24.   A threat of legal action where none is intended is a false and misleading representation pursuant to 15 U.S.C. §§ 1692e(5) and 1692e(10).

25.   The Defendants sent the above referenced February 17, 2015 letter to the Plaintiffs which was mass produced and computer generated allegedly from Mark L. Nichter, Esq., P.C. and Mark L. Nichter.

26.   Upon information and belief, Defendants' collection letter series were and are mailed by a pre-sort first class mailing company.

27.   That mass-produced computer generated letters bearing no signature were forwarded to the Plaintiffs.

28.   That said February 17, 2015 letter falsely implied issuance by an "Attorney at Law".

29.   Upon information and belief, the said February 17, 2015 letter was a mass-produced, computer generated letter, and was designed to give the impression that the letter was forwarded by an attorney when the letter was in fact not personally reviewed by an attorney.

30.   Upon information and belief, neither Mark L. Nichter nor any attorney admitted to practice law reviewed the Plaintiffs' alleged delinquent account prior to the date of the

letters at issue.

31.    Upon information and belief, Defendant Mark L. Nichter has authorized the use of his letterhead to Defendant Trans-Continental to make consumers believe that they are receiving a letter from an attorney in a meaningful fashion when this is not the case.

32.    Upon information and belief, Defendant Trans-Continental controls the collection operation of Mark L. Nichter, Esq., P.C. and Mark L. Nichter.

33.    Defendant Trans-Continental should be held liable for its own actions and for the actions of Mark L. Nichter, Esq., P.C. and Mark L. Nichter.

34.    Defendants' conduct warrants that the Court impose the maximum statutory damages as against each Defendant.

35.    As a result of the above violations, Defendants are each liable to the Plaintiffs for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

36.    Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a)    Defendants violated 15 U.S.C. § 1692e(5) by threatening an action which was not intended to be taken;

    b)    Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect a debt;

    c)    Defendants violated 15 U.S.C. § 1692j by creating a deceptive form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor,

when in fact such person is not so participating.

37.     Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiffs, purportedly owed to Brooklyn Hospital Pediatrics for $266.00.

38.     At a time unknown to the Plaintiffs herein, the aforementioned debt was referred to Defendant Trans-Continental for collection.

39.     At a time unknown to the Plaintiffs herein, the aforementioned debt was referred to Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter for collection.

40.     On or about March 31, 2015, Defendant Trans-Continental sent the Plaintiffs a collection letter seeking to collect a balance allegedly incurred for personal purposes.

41.     Said letter stated:

> **"WARNING**
> **Your debt is being evaluated for possible referral to legal counsel. This is your last chance to clear this debt while it is still with our agency. This debt may now be placed with one of our associated law firms for legal action. If this debt alone or in combination with other debts handled by us meets the appropriate criteria, suit may be commenced without further notice. <u>Failure to pay this bill may cost you significant additional expense.</u> Please do not make us take tis unpleasant route. Pay this debt in order to avoid further collection activity."**

42.     Upon information and belief, Defendant Trans-Continental never had any intention to bring suit against the Plaintiffs.

43.     On or about May 19, 2015, Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter sent the Plaintiffs a further collection letter.

44.     Said letter stated:

> "This office represents the above referenced creditor.  Although notices and demands have been made upon you for payment of the above-referenced outstanding balance, we have no record of receipt of

payment from you. Since you have not disputed this debt with us, we will assume that the debt is valid.  If this matter is not paid in full or otherwise resolved we may advise our client that further collection activity is needed to collect this debt.  In the event that you want to avoid potential further collection activity, please make payment today so that we can put this matter to rest."

45.     Upon information and belief, Defendants never had any intention to bring suit against the Plaintiffs.

46.     Upon information and belief, Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter do not routinely file suits on behalf of Trans-Continental or creditors concerning consumer collection on a regular basis.

47.     In addition, Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter do not commonly file suits at or about the amount of the Plaintiffs' debt which is alleged to be $266.00.

48.     Upon information and belief, Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter are aware of the letter series that is sent to debtors under each Defendant's letterhead and has approved the sending of the said letters knowing that they falsely threaten consumers.

49.     Defendant Trans-Continental should be held liable for its own actions and for the actions of Mark L. Nichter, Esq., P.C. and Mark L. Nichter.

50.     Upon information and belief, Mark L. Nichter, Esq., P.C. and Mark L. Nichter have filed some suits for amount in the range of the debt at issue, but only for the purpose of attempting to avoid liability for FDCPA claims of false threats of suit.

51.     Upon information and belief, discovery will indicate that Mark L. Nichter, Esq., P.C. and Mark L. Nichter have filed only a very small percentage of suits compared to the amount of accounts upon which Nichter and Trans-Continental attempt to collect.

52.     A threat of legal action where none is intended is a false and misleading representation pursuant to 15 U.S.C. §§ 1692e(5) and 1692e(10).

53.     The Defendants sent the above referenced May 19, 2015 letter to the Plaintiffs which was mass produced and computer generated allegedly from Mark L. Nichter, Esq., P.C. and Mark L. Nichter.

54.     Upon information and belief, Defendants' collection letter series was and is mailed by a pre-sort first class mailing company.

55.     That mass-produced computer generated letters bearing no signature were forwarded to the Plaintiffs.

56.     That said May 19, 2015 letters falsely implied issuance by an "Attorney at Law".

57.     Upon information and belief, the said May 19, 2015 letter was a mass-produced, computer generated letter, and was designed to give the impression that said letter was forwarded by an attorney when said letter was not personally reviewed by an attorney.

58.     Upon information and belief, neither Mark L. Nichter nor any attorney admitted to practice law reviewed the Plaintiffs' alleged delinquent account prior to the date of the letters at issue.

59.     Upon information and belief, Defendant Mark L. Nichter has authorized the use of his letterhead to Defendant Trans-Continental to make consumers believe that they are receiving a letter from an attorney in a meaningful fashion when this is not the case.

60.     Upon information and belief, Defendant Trans-Continental controls the collection operation of Mark L. Nichter, Esq., P.C. and Mark L. Nichter.

61.     Defendants' conduct warrants that the Court impose the maximum statutory damages as against each Defendant.

62.   That as a result of the above violations, Defendants are each liable to the Plaintiffs for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

63.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

d)   Defendants violated 15 U.S.C. § 1692e(5) by threatening an action which was not intended to be taken;

e)   Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect a debt;

f)   Defendants violated 15 U.S.C. § 1692j by creating a deceptive form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendants.*

64.   Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through sixty three (63) as if set forth fully in this cause of action.

65.   This cause of action is brought on behalf of Plaintiffs and the members of two classes and two subclasses.

66.   Class A consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letter sent to the Plaintiffs from Defendant Trans-Continental Credit & Collection

Corp. on or about January 21, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Brooklyn Hospital Ctr; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiffs assert that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8) and 1692e(10) for stating false credit information, in violation of the FDCPA.

67. The subclass consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letter sent to the Plaintiffs from Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter on or about February 17, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Brooklyn Hospital Ctr; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiffs assert that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692j.

68. Class B consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letter sent to the Plaintiffs from Defendant Trans-Continental Credit & Collection Corp. on or about March 31, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Brooklyn Hospital Pediatrics; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiffs assert that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692j.

69. The subclass consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form

letters as the letter sent to the Plaintiffs from Defendants Mark L. Nichter, Esq., P.C. and Mark L. Nichter on or about May 19, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Brooklyn Hospital Pediatrics; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiffs assert that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692j.

70.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A.   Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

C.   The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendants.

D.   The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

E.   The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

71.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

72.    If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

73.    Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

74.    The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

75.    Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request preliminary and permanent injunctive relief, and that this Court enter judgment in their favor and against the Defendants and award damages as follows:

        A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

        B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 2, 2015

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiffs request trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)



P.O. Box 5055
White Plains, NY 10602-5055

31

**Trans-Continental**
Credit & Collection Corp.

NYC DCA LICENSE# 0903303



| *YOUR ACCOUNT HAS BEEN REFERRED FOR COLLECTION BY:* | |
|---|---|
| BROOKLYN HOSPITAL CTR   ED/CL | |
| Account #▸ | 2454 |
| Service/Product▸ | MEDICAL |
| Date of Service▸ | July 24, 2014 |
| **Balance Due**▸ | $ 109.63 |



TAIWANDA HARTFIELD

APT 3
53 VAN BUREN ST
BROOKLYN NY 11221-1316

**PAY THIS AMOUNT**

1/21/15

| *(914) 993-9539* | PO BOX 5055 ● WHITE PLAINS, NY 10602 | *(718) 597-1191* |
|---|---|---|

## LET'S FACE FACTS
## GOOD CREDIT IS IMPORTANT TO YOU

**STORES, BANKS, CREDIT CARD COMPANIES USUALLY DRAW CREDIT REPORTS WHEN AUTHORIZING CREDIT. UNLESS THIS BILL IS CLEARED BY RETURN MAIL, WE WILL BE OBLIGATED TO RECOMMEND TO OUR CLIENT THAT IT REPORT THIS DEBT TO THE VARIOUS CREDIT BUREAUS FOR GENERAL DISTRIBUTION AND AVAILABILITY.  <u>THIS CAN HURT YOUR ABILITY TO OBTAIN CREDIT FOR YEARS.</u>**

**DON'T LET THIS HAPPEN. THIS IS AN ATTEMPT TO COLLECT THIS DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**TO ENSURE PROPER CREDIT AND TO PREVENT FURTHER COLLECTION ACTIVITY, RETURN THE BOTTOM PORTION OF THIS NOTICE WITH YOUR PAYMENT IN FULL TO TRANS-CONTINENTAL CREDIT AND COLLECTION CORP. IN THE ENCLOSED ENVELOPE.**

**Very truly yours,**
**Laurie Hughes**          **(914) 993-9539**

IMPORTANT: Please detach and return the bottom portion with your payment in the envelope provided.

1/21/15

| MAKE PAYMENT TO: | |
|---|---|
| BROOKLYN HOSPITAL CTR   ED/CL | |
| Account No ▸ | 2454 |
| Date of Service ▸ | July 24, 2014 |
| Balance Due ▸ | $  109.63 |

TAIWANDA HARTFIELD

53 VAN BUREN ST APT 3
BROOKLYN NY 11221-1316

☐ Indicate Change of Address Below

*If paying by mail,* please return this form with a check or money order for the full amount due.

Please be sure to include your complete account number with any correspondence.

▾ **SEND CHECK OR MONEY ORDER TO** ▾



TRANS CONTINENTAL CREDIT
P.O. BOX 5055
WHITE PLAINS, NY 10602-5055

TCC04-485912   00006266

2454

TCC04.1
485912 ● 00006266

# MARK L. NICHTER, P.C.

**ATTORNEY AT LAW**

**44 SOUTH BROADWAY
WHITE PLAINS, NEW YORK 10601
(914) 993-9639**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*3-DIGIT 112

Nyc Dca License# 1310291

Taiwanda Hartfield

53 Van Buren St
Apt 3
Brooklyn  NY  11221-1316

2/17/2015

| Creditor Name: | Brooklyn Hospital Ctr   Ed/Cl |
|---|---|
| Date Of Service: | 7/24/2014 |
| Account Number: | 2454          Amount Due: $109.63 |

Dear Taiwanda Hartfield,

This office represents the above-referenced creditor.  We have been
informed by our client that you presently owe the above outstanding
balance.  They have requested  that we contact you and give you the
opportunity to pay this bill on a voluntary basis.

If you dispute any portion of the outstanding amount due in writing
within thirty (30) days from receipt of this letter, we will send
you verification of the amount owed. If the original creditor
differs from the one referenced above, we will, upon your written
request, supply the name of the original creditor.

Make  your  check or  money order  payable to  Mark L. Nichter
as  "   attorney" and send it to our office in the enclosed envelope. If we
do not  receive your  payment or  any other  communication from you
within thirty (30) days from receipt of this letter, we will assume
this debt is valid and will proceed with further collection activity
to collect the outstanding amount due. Any subsequent collection
activity may be taken without further notice to you. This is a
communication from a debt collector. This is an attempt to collect a
debt and any information obtained will be used for that purpose.

Very truly yours,

The Law Offices of
Mark L. Nichter, PC

18 P01707

P.O. Box 5055
White Plains, NY 10602-5055

19



**Trans-Continental**
*Credit & Collection Corp.*

NYC DCA LICENSE# 0903303



| *YOUR ACCOUNT HAS BEEN REFERRED FOR COLLECTION BY:* | |
|---|---|
| **BROOKLYN HOSP PEDIATRICS** | |
| Account #▸ | 4203 |
| Service/Product▸ | MEDICAL |
| Date of Service▸ | July 6, 2014 |
| **Balance Due▸** | **$  266.00** |

**PAY THIS AMOUNT**

TAIWANDA HARTFIELD

APT 3
53 VAN BUREN ST.
BROOKLYN NY 11221-1316

3/31/15

| (914) 993-9539 | PO BOX 5055 ● WHITE PLAINS, NY 10602 | (718) 597-1191 |
|---|---|---|

# WARNING

**Your debt is being evaluated for possible referral to legal counsel. This is your last chance to clear this debt while it is still with our agency.**

**This debt may now be placed with one of our associated law firms for legal action. If this debt alone or in combination with other debts handled by us meets the appropriate criteria, suit may be commenced without further notice. <u>Failure to pay this bill may cost you significant additional expense</u>. Please do not make us take this unpleasant route. Pay this debt in order to avoid further collection activity.**

**This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.**

**To ensure proper credit to your account and to prevent further collection activity, return the bottom portion of this notice with your payment in full to Trans-Continental Credit and Collection Corp. in the enclosed envelope.**

**Very truly yours,**
**Laurie Hughes          (914) 993-9539**

**IMPORTANT:** Please detach and return the bottom portion with your payment in the envelope provided.

3/31/15

| MAKE PAYMENT TO: | |
|---|---|
| **BROOKLYN HOSP PEDIATRICS** | |
| Account No ▸ | 4203 |
| Date of Service ▸ | July 6, 2014 |
| **Balance Due ▸** | **$  266.00** |

TAIWANDA HARTFIELD

53 VAN BUREN ST. APT 3
BROOKLYN NY 11221-1316

☐ Indicate Change of Address Below

*If paying by mail,* please return this form with a check or money order for the full amount due.

Please be sure to include your complete account number with any correspondence.

**▾ SEND CHECK OR MONEY ORDER TO ▾**

TRANS CONTINENTAL CREDIT
P.O. BOX 5055
WHITE PLAINS, NY 10602-5055



4203

TCC11.1
506676 ● 00003864

TCC11-506676   00003864

# MARK L. NICHTER, P.C.

**ATTORNEY AT LAW**

**44 SOUTH BROADWAY**
**WHITE PLAINS, NEW YORK 10601**
**(914) 993-9639**

*******************AUTO**MIXED AADC 105

Nyc Dca License

Taiwanda Hartfield

Apt 3
53 Van Buren St
Brooklyn NY 11221-1316
ılıllıllıllılıllılllılılılılılıllılllllllıllıllıllıllılllılllılllıllıllılll

5/19/2015

Creditor Name:        Brooklyn Hosp Pediatrics
Date Of Service:      7/6/2014
Account Number:       [    ]4203        Amount Due: $266.00

Dear Taiwanda Hartfield,

This office represents the above-referenced creditor.

Although notices and demands have been made upon you for payment of
the above-referenced outstanding balance, we have no record of
receipt of payment from you. Since you have not disputed this debt
with us, we assume that the debt is valid.  If this matter is not
paid in full or otherwise resolved we may advise our client that
further collection activity is needed to collect this debt.

In the event that you want to avoid potential further collection
activity, please make payment today so that we can put this matter
to rest. Make your check or money order payable to Mark L. Nichter
" as attorney" and send it to our office in the enclosed envelope. Do
not send cash and be sure to include your complete account number.

This is a communication from a debt collector. This is an attempt
to collect a debt and any information  obtained will be  used for
that purpose.

Very truly yours,

Mark L. Nichter, PC

19  P00474